## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OTTO V. BANKS,** | : | **CIVIL ACTION NO. 1:17-CV-96** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **BARCLAYS BANK CREDIT** | : | |
| **SERVICES,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 20th day of October, 2017, upon consideration of the

report (Doc. 18) issued by Chief Magistrate Judge Susan E. Schwab, recommending

that the court deny the motion (Doc. 12) to compel arbitration and stay proceedings

filed by defendant Barclays Bank Credit Services ("Barclays"), which report opines

that, because the amended complaint (Doc. 8) filed by *pro se* plaintiff Otto V. Banks

("Banks") is silent concerning an agreement to arbitrate, Banks is entitled to limited

discovery on the subject of arbitrability, (see Doc. 18 at 6), and the court noting that

Barclays filed an objection (Doc. 19) to the report, and following a *de novo* review of

the contested portions of the report, see Behar v. Pa. Dep't of Transp., 791 F. Supp.

2d 383, 389 (M.D. Pa. 2011) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir.

1989); 28 U.S.C. § 636(b)(1)(C)), and applying a clear error standard of review to the

uncontested portions, see Cruz v. Chater, 990 F. Supp. 375, 376-78 (M.D. Pa. 1999),

the court finding that Judge Schwab correctly applied the Third Circuit's decision

in Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764 (3d Cir. 2013),

which holds unequivocally that if a complaint and its incorporated documents are

not clear as to whether the parties agreed to arbitrate, "the non-movant must be given the opportunity to conduct limited discovery on the narrow issue concerning the validity of the arbitration agreement," id. at 774; see also Horton v. FedChoice Fed. Credit Union, 688 F. App'x 153, 157 (3d Cir. 2017) (quoting Guidotti, 716 F.3d at 774),[1] and the court thus being in agreement with Judge Schwab's analysis, finding same to be thorough, well-reasoned, and fully supported by the record, and finding Barclays' objection (Doc. 19) to be without merit and squarely addressed by the report, it is hereby ORDERED that:

1.  The report (Doc. 18) of Chief Magistrate Judge Schwab is ADOPTED.

2.  Barclays' motion (Doc. 12) to compel arbitration is DENIED without prejudice.

3.  Banks' motion (Doc. 15) to reject Barclays' motion to compel arbitration is DENIED as moot.

4.  The parties shall have sixty (60) days from the date of this order to conduct discovery limited to the validity and enforceability of the purported arbitration agreement. At the close thereof, Barclays may renew its motion to compel arbitration if warranted. Briefing with respect to said motion shall proceed according to the Local Rules of Court governing motions for summary judgment.

5.  This matter is REMANDED to Chief Magistrate Judge Schwab for additional pretrial management.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] Guidotti articulates a second circumstance in which limited discovery is warranted, to wit: if the plaintiff responds to a motion to compel arbitration "with additional facts sufficient to place the agreement to arbitrate in issue." Guidotti, 716 F.3d at 776. Banks arguably implicates this second scenario by disputing many of the pertinent factual averments offered by Barclays' paralegal in her supporting declaration. (See Doc. 16).