# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OTTO V. BANKS,** | : | CIVIL ACTION NO. 1:17-CV-96 |
| Plaintiff | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| | : | |
| **BARCLAYS BANK CREDIT SERVICES,** | : | |
| | : | |
| Defendant | : | |

## **ORDER**

AND NOW, this 13th day of December, 2018, upon consideration of the report (Doc. 29) of Chief Magistrate Judge Susan E. Schwab, recommending that the court grant the renewed motion (Doc. 23) to compel arbitration by defendant Barclays Bank Delaware ("Barclays"), erroneously designated in the amended complaint as "Barclays Bank Credit Services," (Doc. 29 at 1 n.1), and it appearing that plaintiff has not objected to the report, see FED. R. CIV. P. 72(b)(2), and the court noting that failure of a party to timely object to a magistrate judge's conclusions "may result in forfeiture of *de novo* review at the district court level," Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (citing Henderson v. Carlson, 812 F.2d 874, 878-79 (3d Cir. 1987)), but that, as a matter of good practice, a district court should "afford some level of review to dispositive legal issues raised by the report," Henderson, 812 F.2d at 878; see also Taylor v. Comm'r of Soc. Sec., 83 F. Supp. 3d 625, 626 (M.D. Pa. 2015) (citing Univac Dental Co. v. Dentsply Int'l, Inc., 702 F.

Supp. 2d 465, 469 (M.D. Pa. 2010)), in order to "satisfy itself that there is no clear error on the face of the record," FED. R. CIV. P. 72(b), advisory committee notes, and, following an independent review of the record, the court being in agreement with Judge Schwab's recommendation, and concluding that there is no clear error on the face of the record, it is hereby ORDERED that:

1. The report (Doc. 29) of Chief Magistrate Judge Schwab is ADOPTED.

2. Barclays' renewed motion (Doc. 23) to compel arbitration is GRANTED.

3. The above-captioned action is STAYED pending the outcome of arbitration. Counsel for Barclays shall file status reports at 60-day intervals apprising the court of the status of arbitration proceedings.

4. The Clerk of Court is directed to CLOSE this case for statistical purposes only and without prejudice to the reinstatement thereof if appropriate at the conclusion of arbitration proceedings.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania